# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

(1) PRESTON E. FORTHUN,
(4) DANA S. COMEAUX,
(5) ABDISALAN A. HUSSEIN,
(6) CARLOS P. LUNA, and
(7) SAHAL A. WARSAME,

        Defendants.

**ORDER**
Criminal File No. 16-339 (MJD/FLN)

---

David Michael Maria and John E. Kokkinen, Assistant United States Attorneys, Counsel for Plaintiff.

Andrew S. Birrell and Ian S. Birrell, Gaskins Bennett Birrell Schupp, LLP, Counsel for Defendant Preston E. Forthun.

Keala C. Ede, Office of the Federal Defender, Counsel for Defendant Dana S. Comeaux.

R. J. Zayed, Dorsey & Whitney LLP, Counsel for Defendant Abdisalan A. Hussein.

Charles L. Hawkins, Law Offices of Charles L. Hawkins, Counsel for Defendant Carlos P. Luna.

---

Terrence P. Duggins, Duggins Law Firm, LLC, Counsel for Defendant Sahal A. Warsame.

The above-entitled matter comes before the Court on Defendant Preston Forthun's appeal of Magistrate Judge Franklin L. Noel's July 6, 2017 Order granting in part and denying in part Forthun's Motion for a Bill of Particulars. This Court will reverse a magistrate judge's order on a nondispositive issue if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); D. Minn. L.R. 72.2(a). The Court has reviewed the submissions and the record in this case and concludes that Magistrate Judge Noel's July 6, 2017 Order is neither clearly erroneous nor contrary to law. Therefore, the July 6, 2017 Order is affirmed.

The above-entitled matter also comes before the Court upon the Report and Recommendation of United States Magistrate Judge Franklin L. Noel dated June 19, 2017. Defendants Preston Forthun, Dana Comeaux, Carlos Luna, and Abdisalan Hussein filed objections to the Report and Recommendation. On August 2, 2017, Comeaux entered a plea of guilty, mooting his objections. On August 8, 2017, Defendant Sahal Warsame pled guilty, mooting his motion to dismiss the Indictment.

Pursuant to statute, the Court has conducted a de novo review upon the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based upon that review, the

Court adopts the Report and Recommendation of United States Magistrate Judge

Noel dated June 19, 2017.

> An indictment is sufficient if it contains the elements of the offense charged, lets the defendant know what he needs to do to defend himself, and would allow him to plead a former acquittal or conviction if he were charged with a similar offense. Usually an indictment that tracks the statutory language is sufficient.

United States v. Whitlow, 815 F.3d 430, 433 (8th Cir. 2016) (citations omitted).

The Indictment in this case meets the aforementioned standard for the

charged conspiracy offenses. The Court further notes that the charges in this

case are based not only on a theory that a chiropractor commits fraud by billing

an insurance company for noncompensable claims based on services provided to

a patient who was brought to the clinic through a kickback payment to a runner,

but also on allegations that the chiropractor billed the insurance company for

treatments that were not medically necessary and for services not actually

provided. (Indictment ¶¶ 1, 5-11, 18, 20-21.) The Indictment asserts that all of

these allegations were part of a scheme to defraud insurance companies.

Moreover, as the Eighth Circuit Jury Instructions for the underlying substantive

offenses recognize, more than one theory of a scheme to defraud may be

presented to the jury. See Eighth Circuit Manual of Model Jury Instructions

(Criminal) (2014) §§ 6.18.1341 n.2, 6.18.1347 n.3.  The Court further notes that the

charges in the Indictment are, in fact, conspiracy counts under 18 U.S.C. § 1349.

"[A] conspiracy conviction under § 1349 does not require proof of an overt act."

United States v. Roy, 783 F.3d 418, 420 (2d Cir. 2015).  See also Eighth Circuit

Manual of Model Jury Instructions (Criminal) (2014) § 5.06A-1 n.2.

Furthermore, "under the No–Fault Act, insurance companies have a right

to deny paying benefits based on grounds other than the necessity and

reasonableness of the medical treatment."  Liberty Mut. Fire Ins. Co. v. Acute

Care Chiropractic Clinic P.A., 88 F. Supp. 3d 985, 1008 (D. Minn. 2015).  See also

United States v. Gabinskaya, 829 F.3d 127, 133–34 (2d Cir. 2016) (upholding

convictions for conspiracy to commit mail fraud and conspiracy to commit health

care fraud, among other offenses, based on physician conspiring to submit claims

to no-fault automobile insurance companies that were ineligible for payment

under New York law because the physician was not the actual owner of the

clinic).  A claim can be fraudulent based on the withholding of a material fact

from the insurance company, even when that material fact does not implicate

medical necessity.  Thus, if a claim is ineligible for compensation due to violation

of the runner statute, that fact could be material to an insurance company.  See

Minn. Stat. § 609.612, subd. 2. Here, the Government has adequately alleged that the existence of kickback payments to runners is a material fact to insurance companies.

United States v. Jain, 93 F.3d 436 (8th Cir. 1996), is inapposite because, there, the alleged victims of the mail fraud were the patients and there was no evidence of harm; here, the Government alleges that the automobile insurance companies were the victims, that the victims were billed for services that were not medically necessary or were not provided, and that the non-disclosure of the runner payments was a "material fact" to those insurance companies (Indictment ¶ 17). Finally, Illinois Farmers Ins. Co. v. Mobile Diagnostic Imaging, Inc., did not address the runner statute. No. 13-CV-2820 (PJS/TNL), 2014 WL 4104789, at *9-10 (D. Minn. Aug. 19, 2014).

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. United States Magistrate Judge Franklin L. Noel's July 6, 2017 Order [Docket No. 245] is **AFFIRMED**.

2. Defendant Preston Forthun's objection to the July 6, 2017 Order [Docket No. 247] is **OVERRULED**.

3. The Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge Franklin L. Noel dated June 19, 2017 [Docket Nos. 223 224, 225, 226, 227].

4. Defendant Dana Comeaux's Motion to Suppress Statements, Admissions, and Answers [Docket No. 149] is **DENIED AS MOOT**.

5. Defendant Preston Forthun's Motion to Suppress Search and Seizure Evidence [Docket No. 152] is **DENIED**.

6. Defendant Carlos Luna's Motion to Suppress Evidence Obtained through Illegal Search [Docket No. 183] is **DENIED**.

7. Defendants Preston Forthun, Dana Comeaux, and Abdisalan Hussein's Joint Motion to Dismiss the Indictment [Docket No. 146] is **DENIED**.

8. Defendant Carlos Luna's Motion to Dismiss the Indictment [Docket No. 181] is **DENIED**.

9. Defendant Sahal Warsame's Motion to Dismiss the Indictment [Docket No. 195] is **DENIED AS MOOT**.

Dated:   August 11, 2017             s/Michael J. Davis
                                     Michael J. Davis
                                     United States District Court