# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                       **ORDER**
                         Criminal File No. 16-339 (MJD/FLN)

(1) PRESTON ELLARD FORTHUN,
(5) ABDISALAN ABDULAHAB HUSSEIN, and
(6) CARLOS PATRICIO LUNA,

      Defendants.

John E. Kokkinen, Amber M. Brennan and David Michael Maria, Assistant United States Attorneys, Counsel for Plaintiff.

Andrew S. Birrell and Ian S. Birrell, Gaskins Bennett Birrell Schupp, LLP, Counsel for Defendant Preston Ellard Forthun.

R. J. Zayed, Dorsey & Whitney LLP, Counsel for Defendant Abdisalan Abdulahab Hussein.

Charles L. Hawkins, Law Offices of Charles L. Hawkins, Counsel for Defendant Carlos Patricio Luna.

      The above-entitled matter comes before the Court on Defendant Preston Forthun's appeal of Magistrate Judge Franklin L. Noel's September 8, 2017 Order granting in part and denying in part Forthun's Motion for a Bill of Particulars.

This Court will reverse a magistrate judge's order on a nondispositive issue if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); D. Minn. L.R. 72.2(a). The Court has reviewed the submissions and the record in this case and concludes that Magistrate Judge Noel's September 8, 2017 Order is neither clearly erroneous nor contrary to law. Furthermore, with regard to the substantive mail and wire fraud counts, the First Superseding Indictment sets forth the details for each count, including the approximate date, the patient at issue, and the relevant insurance company. Therefore, the September 8, 2017 Order is affirmed.

The above-entitled matter also comes before the Court upon the Report and Recommendation of United States Magistrate Judge Franklin L. Noel dated September 8, 2017. Defendants Preston Forthun, Carlos Luna, and Abdisalan Hussein filed objections to the Report and Recommendation. A Second Superseding Indictment was filed on September 19, 2017. However, "as a general rule, the filing of a superseding indictment does not have the effect of voiding previously filed indictments in the same criminal case and that both an original and a superseding indictment may co-exist prior to the trial's commencement." United States v. White, No. 3:16-CR-00560-JMC-5, 2017 WL

1684860, at *3 (D.S.C. May 3, 2017) (citations omitted) (gathering cases); see also United States v. Walker, 363 F.3d 711, 715 (8th Cir. 2004).

Pursuant to statute, the Court has conducted a de novo review upon the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based upon that review, the Court adopts in part and modifies in part the Report and Recommendation of United States Magistrate Judge Noel dated September 8, 2017.

First, the Court notes that the September 8 Report and Recommendation repeatedly discusses the adequacy of a conspiracy to commit health care fraud charge. However, the First Superseding Indictment omits the conspiracy to commit health care fraud count that was alleged in the original Indictment. Additionally, the First Superseding Indictment adds substantive mail and wire fraud counts that were not alleged in the original Indictment. Thus, the Court amends the Report and Recommendation as follows:

In Section A of the Report and Recommendation, in the first paragraph, the Court replaces "1342" with "2."

In Section C(1) of the Report and Recommendation, the Court replaces all references to "conspiracy to commit health care and mail fraud" with "conspiracy to commit wire and mail fraud." Furthermore, on page 7, the Court

notes that the citation to "ECF No. 1 ¶ 18" corresponds to Docket No. 276 ¶ 13; the citation to "ECF No. 1 ¶¶ 17, 18" corresponds to Docket No. 276 ¶¶ 12, 13; and the citation to "ECF No. 1 ¶ 22" corresponds to Docket No. 276 ¶ 17.  The Court also adds the following paragraph to the end of Section (C)(1):

"Defendants are also charged with mail fraud and wire fraud.  The Court concludes that the First Superseding Indictment adequately alleges that Defendants, with intent to defraud, used, or caused to be used, interstate wire communications and the mail or a commercial carrier, in furtherance of or in an attempt to carry out the scheme described with regard to the conspiracy count."

In Section C(2) of the Report and Recommendation, the Court deletes the second paragraph and replaces it with the following two paragraphs:

"Defendants are charged with engaging in a conspiracy to defraud automobile insurance companies contemplating use of the mail and wires.  The Court concludes that the First Superseding Indictment adequately alleges that Defendants knowingly and willfully participated in a scheme to commit mail fraud or wire fraud.  The First Superseding Indictment accuses Defendants of either paying patients directly or through other co-Defendants to attend a certain number of treatment sessions at Forthun's clinic.  (First Superseding Indictment

4

¶ 13.) Forthun is then accused of submitting claims for these services to the automobile insurance companies. (Id. ¶ 17.) Defendants are provided with enough information to mount a defense to the crime charged. See Fed. R. Crim. P. 7(c)(1)."

"Furthermore, Defendants are now charged with substantive mail fraud and wire fraud counts. With regard to each of those counts, the First Superseding Indictment lists the details for each mailing and fax transmission, including the approximate date, the initials of the patient, and the name of the insurance company. Defendants are provided with enough information to mount a defense to the crimes charged. See Fed. R. Crim. P. 7(c)(1)."

In Section C(3) of the Report and Recommendation, the Court deletes the entire section and replaces it with the following paragraph: "Because the First Superseding Indictment no longer asserts conspiracy to commit health care fraud, the parties' arguments regarding whether Count 1 of the original Indictment was multiplicitous is moot. With regard to the allegation that Count 2 of the original Indictment was duplicitous in that it charges both conspiracy to commit mail fraud and actual mail fraud in a single count, the Court holds that this argument is now moot because the First Superseding Indictment charges

5

conspiracy to commit mail and wire fraud in Count 1 and then separately charges the substantive offenses of mail fraud and wire fraud in Counts 2 through 14. Additionally, Count 1 charges only conspiracy to commit wire fraud and mail fraud; it does not charge substantive mail or wire fraud."

Throughout Section C(4) of the Report and Recommendation, the Court replaces the term "conspiracy to commit health care and mail fraud" with "conspiracy to commit wire and mail fraud."

The Court further provides:

> An indictment is sufficient if it contains the elements of the offense charged, lets the defendant know what he needs to do to defend himself, and would allow him to plead a former acquittal or conviction if he were charged with a similar offense. Usually an indictment that tracks the statutory language is sufficient.

United States v. Whitlow, 815 F.3d 430, 433 (8th Cir. 2016) (citations omitted).

The First Superseding Indictment in this case meets the aforementioned standard for the charged conspiracy offense and the wire and mail fraud offenses. The Court further notes that the charges in this case are based not only on a theory that a chiropractor commits fraud by billing an insurance company for noncompensable claims based on services provided to a patient who was brought to the clinic through a kickback payment to a runner, but also on

6

allegations that the chiropractor billed the insurance company for treatments that were not medically necessary and for services not actually provided. (First Superseding Indictment ¶¶ 1, 5-7, 13, 15-16.) The First Superseding Indictment asserts that all of these allegations were part of a scheme to defraud insurance companies. Moreover, as the Eighth Circuit Jury Instructions for the underlying substantive offenses recognize, more than one theory of a scheme to defraud may be presented to the jury. See Eighth Circuit Manual of Model Jury Instructions (Criminal) §§ 6.18.1341 n.2 (mail fraud), 6.18.1343 n.3 (wire fraud). The Court further notes that Count 1 of the First Superseding Indictment is, in fact, a conspiracy count under 18 U.S.C. § 1349. "[A] conspiracy conviction under § 1349 does not require proof of an overt act." United States v. Roy, 783 F.3d 418, 420 (2d Cir. 2015). See also Eighth Circuit Manual of Model Jury Instructions (Criminal) (2014) § 5.06A-1 n.2.

Furthermore, "under the No–Fault Act, insurance companies have a right to deny paying benefits based on grounds other than the necessity and reasonableness of the medical treatment." Liberty Mut. Fire Ins. Co. v. Acute Care Chiropractic Clinic P.A., 88 F. Supp. 3d 985, 1008 (D. Minn. 2015). See also United States v. Gabinskaya, 829 F.3d 127, 133–34 (2d Cir. 2016) (upholding

7

convictions for conspiracy to commit mail fraud and conspiracy to commit health care fraud, among other offenses, based on physician conspiring to submit claims to no-fault automobile insurance companies that were ineligible for payment under New York law because the physician was not the actual owner of the clinic). A claim can be fraudulent based on the withholding of a material fact from the insurance company, even when that material fact does not implicate medical necessity. Thus, if a claim is ineligible for compensation due to violation of the runner statute, that fact could be material to an insurance company. See Minn. Stat. § 609.612, subd. 2. Here, the Government has adequately alleged that the existence of kickback payments to runners is a material fact to insurance companies and that Defendants affirmatively concealed this material fact.

United States v. Jain, 93 F.3d 436 (8th Cir. 1996), is inapposite because, there, the alleged victims of the mail fraud were the patients and there was no evidence of harm; here, the Government alleges that the automobile insurance companies were the victims, that the victims were billed for services that were not medically necessary or were not provided, and that the non-disclosure of the runner payments was a "material fact" to those insurance companies (First Superseding Indictment ¶ 17). Finally, Illinois Farmers Ins. Co. v. Mobile

8

Diagnostic Imaging, Inc., No. 13-CV-2820 (PJS/TNL), 2014 WL 4104789, at *9-10 (D. Minn. Aug. 19, 2014), did not address the runner statute, and Illinois Farmers Ins. Co. v. Guthman, No. CV 17-270(RHK/SER), 2017 WL 3971867, at *6 (D. Minn. Sept. 7, 2017), addressed a civil complaint in which the plaintiffs failed to allege that "the runners were aware of the scheme" and, so, concluded that the complaint failed to "plausibly allege that the runners knowingly participated in a scheme to defraud."

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. United States Magistrate Judge Franklin L. Noel's September 8, 2017 Order [Docket No. 323] is **AFFIRMED**.

2. Defendant Preston Forthun's objection to the September 8, 2017 Order [Docket No. 328] is **OVERRULED**.

3. The Court **ADOPTS IN PART** and **MODIFIES IN PART**, as set forth above, the Report and Recommendation of United States Magistrate Judge Franklin L. Noel dated September 8, 2017 [Docket No. 322].

4. Defendant Preston Forthun's Motion to Suppress Search and Seizure Evidence [Docket No. 152] is **DENIED**.

5. Defendant Carlos Luna's Motion to Suppress Evidence Obtained through Illegal Search [Docket No. 183] is **DENIED**.

6. Defendants Preston Forthun and Abdisalan Hussein's Joint Motion to Dismiss the Indictment [Docket No. 146] is **DENIED**.

7. Defendant Carlos Luna's Motion to Dismiss the Indictment [Docket No. 181] is **DENIED**.

8. Defendants' Motions to Renew All Motions Previously Filed as to the Original Indictment [Docket Nos. 315, 316, 317] are **DENIED**.

Dated: September 25, 2017

s/Michael J. Davis
Michael J. Davis
United States District Court