UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                      **MEMORANDUM OF LAW & ORDER**
                                          Criminal File No. 16-339 (MJD/BRT)

(1) PRESTON ELLARD FORTHUN,

      Defendant.

David J. MacLaughlin, Assistant United States Attorney, Counsel for Plaintiff.

Andrew S. Birrell and Ian S. Birrell, Birrell Law Firm PLLC, Counsel for Defendant.

## I.    INTRODUCTION

This matter is before the Court on Defendant Preston Forthun's Second Motion for Release Pending Resentencing. [Docket No. 709]

## II.    BACKGROUND

On October 16, 2017, a jury found Defendant Preston Ellard Forthun guilty of all counts against him in the Redacted Indictment: Count 1, Conspiracy to Commit Mail Fraud and Wire Fraud in violation of 18 U.S.C. § 1349; Counts 2-7,

1

Mail Fraud in violation of 18 U.S.C. §§ 2, 1341; and Counts 8-14, Wire Fraud in violation of 18 U.S.C. §§ 2, 1343.

At sentencing, the Court adopted the following Guidelines calculations:

| | |
|---|---|
| Total Offense Level: | 31 |
| Criminal History Category: | II |
| Imprisonment Range: | 121 to 151 months |
| Supervised Release: | 1 to 3 years |
| Fine Range: | $30,000 to $250,000 |
| Special Assessment: | $1,400 |

The total offense level was based on the following calculations: base offense level 7, U.S.S.G. § 2B1.1(a)(1); 16-level enhancement for loss of more than $1.5 million but not more than $3.5 million, U.S.S.G. § 2B1.1(b)(1)(I); 2-level enhancement because the offense involved more than 10 victims, U.S.S.G. § 2B1.1(b)(2)(A)(i); 4-level enhancement for being the leader of a criminal activity involving 5 or more participants, U.S.S.G. § 3B1.1(a); and 2-level enhancement for abuse of position of trust or use of a special skill, U.S.S.G. § 3B1.3.

On October 2, 2018, the Court sentenced Defendant to the Bureau of Prisons for a term of 60 months.  Defendant was sentenced to a term of 2 years supervised release following his prison term.  Restitution was awarded in the amount of $1,553,500.00.

On appeal, the Eighth Circuit affirmed Defendant's conviction but vacated the sentence and restitution order on the grounds that the Court had miscalculated the Guideline loss enhancement and needed to consider whether to offset the intended and actual loss amounts by chiropractic services that were medically necessary and reasonable.  United States v. Luna, 968 F.3d 922, 931 (8th Cir. 2020).  The mandate issued on September 10, 2020.

On September 18, 2020, Defendant filed a Motion for Release from Custody Pending Resentencing, which the Government opposed.  On October 1, 2020, the Court denied Defendant's motion and attempted to schedule Defendant's resentencing hearing for November 2020.  Due to safety restrictions on in-person hearings due to the COVID-19 pandemic, Defendant's resentencing hearing was delayed and is now scheduled for May 6, 2021.

Defendant is currently incarcerated at FPC Duluth.  His scheduled release date is March 31, 2023.  Defendant again moves for release from custody pending resentencing by this Court.

### III. DISCUSSION

#### A. Standard for Release Pending Resentencing

18 U.S.C. § 3143(b) applies to defendants awaiting resentencing after their convictions were affirmed on appeal but their sentences were vacated and

remanded for resentencing. United States v. Olis, 450 F.3d 583, 587 (5th Cir. 2006). See also United States v. Krilich, 178 F.3d 859, 861-62 (7th Cir. 1999) (same and reasoning that "[b]reaking a sentence in the middle does not promote any end other than reducing the effective penalty by allowing a holiday or, worse, providing an opportunity to escape").

> The statute provides that
>
> the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> Courts that apply section 3143(b) to a person in defendant's position consider not only whether the defendant poses a danger or is likely to flee, but also whether there is a likelihood that resentencing will result in either a sentence that does not include a term of

> imprisonment or a sentence to a term that is less than time served plus the expected time until his resentencing.

United States v. Bouchard, No. 1:12-CR-381-1 (NAM), 2016 WL 8540861, at *1 (N.D.N.Y. Aug. 26, 2016) (gathering cases).

### B.  Application of § 3143(b)

The Court acknowledges that Defendant demonstrated success on pretrial release and while incarcerated, which weighs in favor of Defendant regarding the questions of whether Defendant poses a danger or is likely to flee. Despite these factors, the Court finds that release is not warranted.

As the Court noted in its previous Order, the Court cannot predict what sentence it will impose at resentencing. However, based on the current record before the Court, it does not appear likely that Defendant will receive a sentence that is less than the time that he has already served plus the expected time until his resentencing. In addition to Defendant's post-sentencing conduct, the only issue on remand is the calculation of the loss amount. The Government represents that it will present evidence as required by the Eighth Circuit's opinion to support the same loss enhancement, resulting in the same Guideline calculation as at the original sentencing. As the Court previously reasoned, given the large monetary range for the loss enhancements, the offsets would

need to be substantial in order to affect the Guideline calculation at all, let alone significantly. Additionally, in the Court's prior sentence, it varied significantly based on its conclusion that the large loss amount in this case had driven the Guideline range to be too high for the seriousness of the conduct at issue and for this first-time non-violent offender. The law and relevant facts have not changed since the Court issued its previous order denying release pending resentencing.

The COVID-19 pandemic has been a devastating worldwide event that has unfortunately delayed hearings and trials for some defendants. However, the Court has now scheduled Defendant's resentencing for May 6, 2021, and current events indicate that the pandemic is easing in Minnesota and that such a hearing date is likely to go forward. It would not further the relevant sentencing policies to release Defendant from custody in March only to immediately return him to custody in May to serve the remainder of his sentence.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Defendant Preston Forthun's Second Motion for Release Pending Resentencing [Docket No. 709] is **DENIED**.

Dated:  March 12, 2021    s/Michael J. Davis
　　　　　　　　　　　　　　Michael J. Davis
　　　　　　　　　　　　　　United States District Court